SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00338-SI |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| KHUONG HUYNH TA, | |
| Defendant. | |

## Introduction

Defendant Khuong Huynh Ta is before the Court for sentencing following entry of a guilty plea to the charge of possession with intent to distribute fentanyl near a university, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and 860.

In this case, the United States recommends a sentence of 78 months custody, followed by three years of supervised release.

/ / /

**Government's Sentencing Memorandum**                                                                 **Page 1**

**Factual Background**

A. **The Offense Conduct**

In the spring of 2024, the Portland Police Bureau (PPB), including the HIDTA Interdiction task force (HIT), initiated an investigation into defendant Ta after he was identified as a drug dealer / source of supply by another individual. PSR ¶ 19. Investigators reviewed messages in which Ta directed the individual to sell drugs for him. *Id.*; *see also* Sealed Exhibit 1 (messages from Ta to cooperator). In one of the messages Ta sent to the first cooperator, he told the cooperator, "*Before I was the nicest boss you never mate but now I will be your nightmare hunny.*" Gov't Ex. 1.

Ta was identified as a drug dealer again, by a second cooperating individual, in the early fall of 2024. PSR ¶ 19. That individual reported purchasing drugs from Ta at Ta's apartment near Portland State University (PSU) and indicated that Ta had a firearm at Ta's apartment. *Id.* Messages from Ta to the second cooperating individual also appeared to discuss looking for someone with a gun. *See* Exhibit 2 (Sealed). In a message sent to the second cooperator, in August 2024, Ta stated, "*I'm out look to but no sign of that crook he so lucky I really want to put this 9 up his ass.*"

On September 4, 2024, Ta was arrested outside his apartment complex, by PSU, with a loaded 9 mm handgun, multiple baggies of fentanyl (approximately 22.5 gross grams), and over $400 US currency. PSR ¶ 20. A photograph of the items seized from Ta's person are included below:



Investigators applied for a search warrant for Ta's apartment and executed it that day. PSR ¶ 21. Within the apartment, they found approximately one kilogram of fentanyl (pills and powder combined), approximately 82.9 gross grams of methamphetamine, a stolen gun, and ammunition, among other things. Several photographs of items from Ta's apartment next to PSU are shown below for the Court's reference:



**Government's Sentencing Memorandum** Page 3

Ta's residence was approximately 200-300 feet from the PSU Science Research and Teaching Center, across the street (per Google maps). PSU student housing was also immediately nearby. A map of the area is shown below, for the Court's reference.



Ta was arrested and booked in on state charges for the above offense. He was subsequently released from state custody. PSR ¶ 48.

On September 10, 2024, a federal grand jury returned an indictment charging Ta with possession with intent to distribute fentanyl near a university, possession with intent to distribute methamphetamine near a university, and possession of a firearm in furtherance of a drug trafficking offense.

Following the issuance of the federal indictment, Ta was a fugitive for approximately five months, and his whereabouts were unknown.

On January 8, 2025, Ta was arrested by the Beaverton Police Department following a traffic stop. PSR ¶ 46. Within Ta's vehicle, police found a scale and other drug paraphernalia. *Id*. In Ta's bag, police found over $900 US currency, approximately 8.93 gross grams of powder

fentanyl, and a 9mm handgun. *Id.* Ta received new state charges in Washington County for this incident. *Id.*

Following his release from Washington County Jail, Ta was arraigned on this case in federal court on January 13, 2025. ECF 6.

### B. The Plea Agreement & Guideline Computations

On December 11, 2025, Ta pleaded guilty to count one of the indictment, possession with intent to distribute fentanyl near a university, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and 860.

The presentence report has calculated Ta's criminal history score to be zero, and his criminal history category is I. PSR ¶ 44.

The government agrees with the guideline calculations in the presentence report. PSR ¶¶ 28-36.[1] Additionally, the government is recommending a one-level downward variance under 18 U.S.C. § 3553(a) to account for Ta's prompt notice to the government of his intent to plead guilty. PSR ¶ 12.

The government recommends a sentence of 78 months custody in this case, followed by five years of supervised release. This recommendation is consistent with the plea agreement.

### Argument

### A.  18 U.S.C. 3553(a) Sentencing Factors

There are general factors that district courts take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

---

[1] In the plea agreement, the parties initially estimated that Ta's base offense level was 32. PSR ¶ 7. After further review and discussion with the U.S. Probation Office, it appears the correct base offense level is 30 (prior to the upward departures being applied). PSR ¶ 28.

**Government's Sentencing Memorandum**                                                                                                   **Page 5**

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Sentencing Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of the criminal laws. Those purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public . . . ." and to provide needed education, training, treatment, and care to the defendant. 18 U.S.C. § 3553(a)(2).

B. Analysis of Sentencing Factors

A 78-month custody sentence is appropriate in this case, considering the factors set forth in 18 U.S.C. § 3553(a).

Defendant Khuong Ta was a drug dealer involved in the distribution of fentanyl near and out of his apartment in downtown Portland, which was adjacent to Portland State University.

This conduct was serious because both kinds of drugs—fentanyl and methamphetamine— that were found in distributable amounts in Ta's possession are dangerous. Methamphetamine is a highly addictive and dangerous drug. *See* DEA Drug Fact Sheet – Methamphetamine, April 2020, *available at* https://www.dea.gov/sites/default/files/2020-06/Methamphetamine-2020_0.pdf . Specifically, it is a central nervous system stimulant that can have serious side effects, including causing people to act violently and inducing anxiety, confusion, insomnia, and psychotic behavior. *Id.* Fentanyl is a potent synthetic opioid that can be lethal and cause overdose deaths even in small amounts. *See* DEA Drug Fact Sheet – Fentanyl, Oct. 2022, *available at* https://www.dea.gov/sites/default/files/2022-12/Fentanyl%202022%20Drug%20Fact%20Sheet.pdf .

It was also dangerous conduct because Ta possessed firearms. He was arrested with a firearm on his person, as well as having a stolen firearm in his apartment. This heightened the risk of the drug trafficking for everyone involved.

The location where Ta chose to live and where he was arrested with drugs also presents a community safety issue. There is no evidence at this time that Ta was selling drugs to students at PSU; however, he was residing in an apartment immediately next to PSU.

Ta's history and other conduct also weigh in favor of a 78-month sentence. While Ta is a criminal history score of zero, he does have a non-scorable criminal history in the early 2000's, which includes DUII and Reckless Driving (2006), possession of a controlled substance (2006), assault IV (2007), and DUII (2011). PSR ¶¶ 40-43. As noted above, Ta was charged with additional state crimes in January 2025, in Washington County, Oregon, when he was arrested with a gun and a smaller amount of fentanyl. PSR ¶ 46.

**Government's Sentencing Memorandum**                                                           **Page 7**

The government acknowledges Ta's personal background and circumstances, which are discussed in more detail in the presentence report. PSR ¶¶ 50-67. The government believes the recommended sentence –78 months custody—is appropriate, including with Ta's mitigating personal circumstances.

Ta also accepted responsibility in a timely manner by virtue of his guilty plea in this case.

The requested sentence of 78 months custody promotes respect for the law, provides just punishment, and affords adequate deterrence by holding Ta accountable for his role in this case.

## Conclusion

Based on the foregoing, the government recommends the Court impose a sentence of 78 months custody, followed by a five-year term of supervised release, and a $100 fee assessment.

Dated: February 25, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/*Cassady A. Adams*
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney